to the constitution of the United States is waste paper. For the reasons stated, the motion for injunction is overruled.

---

## Case No. 8,689.

### McCAULEY v. McCAULEY et al.

[1 Hayw. & H. 1.] [1]

Circuit Court, District of Columbia. Nov. 28, 1840.

EQUITY—REAL PROPERTY—IMPROVEMENTS—ACTION AT LAW.

On the death of a father who has died intestate, a lien will not arise on land of which he died seized in favor of a son who had improved it in his father's lifetime, nor where he had paid certain debts incurred by his father. He must proceed at law against the personal representatives of the deceased.

This is a bill [by William M. McCauley against Mary McCauley and others, heirs of George McCauley] claiming a specific and distinct lien on premises on account of improvements made on the property and debts paid by the complainant. The cause was set for hearing on bill, exhibits and demurrer. The facts appearing in the complainant's bill are as follows: That the father of William M. McCauley died intestate, seized of a lot in the city of Washington; that an application had been made to the circuit court of the District of Columbia for a division of the estate, and that the commissioners appointed had determined that the said lot could not be divided without loss, and that they had returned the value in current money. That the complainant, with the consent of his father, made improvements on said lot for their joint benefit to the amount of $853.65. That after the death of the intestate the widow occupied the premises until her death. That since the death of the widow the rents of the premises were received, to be devoted and were devoted, to the support of the unmarried sisters of the complainant. That the complainant paid certain of his father's notes. The suit was brought for the purpose of getting a conveyance of the premises on paying the difference between the assessed value of the property, and the amount advanced on the notes and improvements.

James Hoban, for complainant.

Mr. Marbury, for defendants, demurred:
(1) That there is no equity in the bill.
(2) That if the claims of the complainant be well founded, he has a remedy at law against the personal representatives of the deceased.

On hearing the arguments of the counsel in the case, THE COURT decreed that the bill be dismissed with costs.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

McCAULEY (ODORLESS EXCAVATING APPARATUS CO. v.). See Case No. 10,436.

McCHESNEY, The E. M. See Cases Nos. 4,463 and 4,464.

---

## Case No. 8,690.

### M'CLANAGHAN v. M'CARTY.

[Cited in Fisher v. Consequa, Case No. 4,816. Nowhere reported; opinion not now accessible.]

---

McCLARE (UNITED STATES v.). See Case No. 15,659.

McCLAY (UNITED STATES v.). See Case No. 15,660.

---

## Case No. 8,691.

### M'CLEAN v. FOWLE.

[2 Cranch, C. C. 118.] [1]

Circuit Court, District of Columbia. Nov. Term, 1816.

LIBEL—ILLEGAL VOTING—DECLARATION — PROPER AVERMENTS.

A declaration for a libel charging the plaintiff with an attempt to put two votes into the ballot-box at a corporate election, must contain an averment of the by-law under which the election was held.

Action upon the case for a libel charging that a neighbor of the printers had been detected in an attempt to put two votes into the ballot-box, and that "the name and the proof are left with the printer." Verdict for the plaintiff, $271.75.

Mr. Swann, for defendant, moved in arrest of judgment, and contended, that the publication contained no libellous matter, no reflection on the plaintiff's moral character, no charge of turpitude, nor does it set forth the election law so as to make it appear that the plaintiff had not a right to put in two votes. This cannot be aided by innuendo. Holt v. Scholefield, 6 Term R. 691. The court cannot judicially notice a by-law not pleaded. 6 Bac. Abr. 375; Rex v. Horne, Cowp. 683; 2 Chit. Pl. 256; 1 Saund. 243; 9 Bac. Abr. "Slander," 2. There is nothing in the libel to designate the plaintiff as the object of it; and this cannot be aided by innuendo. 4 Coke, 17 b. And the averment in the declaration, that the libel was written of and concerning the plaintiff, does not authorize him to prove by evidence dehors the libel, that the plaintiff was the person meant.

Mr. Mason and E. J. Lee, for plaintiff, contended that the whole tenor of the libel showed that it meant to charge the plaintiff with an illegal act, an act of turpitude; and this is sufficient to maintain the action. J'Anson v. Stuart, 1 Term R. 748; Bell v. Stone, 1 Bos. & P. 331; Savile v. Jardine, 2 H. Bl. 531; 5 Coke, 125; King v. Lake, Hardr. 470; King v. Philipps, 6 East, 471.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]